UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 1 0 2008

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGE DER-YEGHIAYAN  MAGISTRATE JUDGE JEFFREY COLE  UNITED STATES DISTRICT COURT |
| vs. | 08 CR 547 |
| MARIA FIGUEROA, also known as "Maria Marrero" | ) Violation: Title 18, United States Code, Section 1343  MAGISTRATE JUDGE NOLAN |

## COUNT ONE

The SPECIAL FEBRUARY 2008-2 GRAND JURY charges:

1. At times material to this indictment:

    a. The Social Security Administration ("SSA") administered the payment of benefits from the United States to individuals who qualified for such benefits under the Supplemental Security Income ("SSI") program.

    b. The SSI program provided monthly cash benefits to disabled individuals who met certain financial eligibility requirements. Among other requirements, to be eligible for benefits, individuals were required to have resources and income below certain levels specified in the Social Security Act and applicable regulations.

    c. Individuals seeking SSI benefits from the SSA were required to submit accurate, truthful, and current information regarding their income and assets.

    d. Individuals seeking SSI benefits from the SSA were required to notify the SSA of any changes in marital status as well as any income earned by a spouse.

    e. In or around August 1968, the SSA issued MARIA FIGUEROA

("FIGUEROA") Social Security number ("SSN") xxx-xx-9023.

   f.   In or around June 1972, the SSA issued SSN xxx-xx-7373 to "Maria Mosquera," which record was later updated to reflect the name "Maria Marrero."

   g.   On or about July 12, 1986, MARIA FIGUEROA married her husband, Federico Marrero.

   h.   On or about January 26, 1989, MARIA FIGUEROA applied for SSI benefits, alleging certain disabilities.

   2.   Beginning in or around January 1989, and continuing to in or around September 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

MARIA FIGUEROA,
also known as "Maria Marrero,"

defendant herein, knowingly devised and intended to devise, and participated in, a scheme and artifice to defraud the SSA and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and material omissions, which scheme is further described in the following paragraphs:

   3.   It was part of the scheme that on or about January 26, 1989, on her application for SSI benefits, MARIA FIGUEROA used the last name "Figueroa" and SSN xxx-xx-9023 that was affiliated with that name, instead of her married last name of "Marrero" and the affiliated SSN of xxx-xx-7373, in order to conceal the fact that she was married. FIGUEROA concealed her marital status well knowing that her marital status and any accompanying household income and resources were material to the SSA's

decision regarding her entitlement to SSI benefits.

4. It was further part of the scheme that, despite being expressly prompted to do so, MARIA FIGUEROA intentionally failed to include her husband's name and SSN on her application for SSI benefits in order to conceal her marital status, well knowing that her marital status and any accompanying household income and resources were material to the SSA's decision regarding her entitlement to SSI benefits.

5. It was further part of the scheme that, despite being expressly prompted to do so, MARIA FIGUEROA intentionally failed to include her other SSN of xxx-xx-7373 and the affiliated married name of "Marrero" on her application for SSI benefits, in order to conceal her marital status.

6. It was further part of the scheme that on or about May 30, 2001, MARIA FIGUEROA provided false responses on a form titled "Statement for Determining Continuing Eligibility for Supplemental Security Income Payments." FIGUEROA provided these false responses well knowing that her responses were material to the SSA's decision regarding her continued entitlement to SSI benefits. FIGUEROA's false responses were as follows:

  a. FIGUEROA stated "I never was married," well knowing that she married Federico Marrero, on July 12, 1986, and remained married to him at the time she filled out the form on May 30, 2001;

  b. FIGUEROA stated that she rented a home at 1308 N. Homan Ave.

3

for $375 a month, well knowing that she did not pay rent because she had owned this three-story apartment building with her husband since in or around August 1996;

    c.    FIGUEROA stated that she owned no resources other than a bank account with $1,200, well knowing that she owned the three-story apartment building at 1308 N. Homan Ave. in Chicago with her husband.

    d.    FIGUEROA stated that she did not "receive any type of income," well knowing that she and her husband received monthly rental income generated by the apartment building that she owned with her husband.

    7.    It was further part of the scheme that on or about August 11, 2006, MARIA FIGUEROA provided false responses on two forms titled "Redetermination Summary for Determining Continuing Eligibility for Supplemental Security Income Payments" and "Statement of Claimant or Other Person." FIGUEROA provided these false responses well knowing that her responses were material to the SSA's decision regarding her continued entitlement to SSI benefits. FIGUEROA's false responses were as follows:

    a.    FIGUEROA falsely stated that she was not married;

    b.    FIGUEROA stated that she did not know the owner of the building in which she lived and that she paid rent of $400.00 monthly. As FIGUEROA well knew, however, in or around October 2003, she, together with her husband, sold her apartment building on North Homan Avenue, purchased another apartment building at 3272 West Wabansia Ave. in Chicago, Illinois, lived in one of the units of this new

4

apartment building and, thus, did not pay rent of $400.00 a month;

    c.    FIGUEROA falsely stated, "I do not have two social securities [sic]. . . The allegation that I have two social securities [sic] is not true;"

    d.    FIGUEROA stated that she did not own any resource other than a bank account, well knowing that she and her husband owned the apartment building located on West Wabansia Avenue.

    e.    FIGUEROA stated that she did not receive any type of income, well knowing that she received rental income each month that was generated by the apartment building that she owned with her husband located on West Wabansia Avenue.

8.    It was further part of the scheme that from in or around January 1989, continuing to in or around September 2006, defendant MARIA FIGUEROA, also known as "Maria Marrero," intended to, and did cause the United States Government to suffer losses by the Social Security Administration in the amount of approximately $92,330 in SSI benefit monthly payments, as a result of her fraud.

9.    It was further part of the scheme that defendant MARIA FIGUEROA, also known as "Maria Marrero," concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

10. On or about February 1, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

MARIA FIGUEROA,
also known as "Maria Marrero,"

defendant herein, for the purpose of executing and attempting to execute the aforedescribed scheme, knowingly caused to be transmitted in interstate commerce from Dallas, Texas to Chicago, Illinois, by means of wire communication, certain signs, signals and sounds, namely, an electronic transmission of payment instructions relating to a SSI payment in the amount of $603.00 credited to defendant FIGUEROA's bank account at LaSalle National Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY